```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GILBERT and TONYA BADILLO,<br><br>          Plaintiffs,<br><br>     v.<br><br>SERGEANT KEITH STOPKO, et al.,<br><br>          Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-4815<br>            (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

MALLON & TRANGER
By: Thomas J. Mallon, Esq.
86 Court Street
Freehold, NJ 07728
     Counsel for Plaintiffs

OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
By: Luanh L. D'Mello, Deputy Attorney General
RJ Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, NJ 08625
     Counsel for Defendants Stopko, Morello, Sole, Renshaw,
     Torrey, Aitken, and Estrada

NELSON SUPKO & HANLON LLC
By: Christine G. Hanlon, Esq.
830 Broad Street, Suite B
Shrewsbury, NJ 07702
     Counsel for Defendants Orgen, Rivera, and Camacho

SCHENCK PRICE SMITH & KING LLP
By: Cynthia Lynn Flanagan, Esq.
    James A. Kassis, Esq.
220 Park Ave
P.O. Box 991
Florham Park, NJ 07932-0991
     Counsel for Defendants Camilliri, Pickett, Ramirez, Rue,
     Scully, Snowden, and Wisliceny

1

**IRENAS,** Senior District Judge:

Plaintiffs Gilbert and Tonya Badillo (collectively "Plaintiffs") initiated this action pursuant to 42 U.S.C. § 1983 to recover for alleged constitutional and state law violations stemming from an undercover investigation of a large scale narcotics distribution conspiracy.[1]  Pending before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint pursuant to Fed. R. Civ. P. 15(a).[2]

## I.

On May 2, 2012, this Court granted Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  *See Badillo v. Stopko*, No. 11-4815, 2012 WL 1565303, *7 (D.N.J. May 2, 2012).  Plaintiffs' Complaint alleged constitutional violations under the Fourth and Fourteenth Amendments for unlawful search and seizure, false arrest, false imprisonment, malicious prosecution, supervisory liability, and failure to intervene.[3]  For a more detailed account of the facts underlying this action *see Badillo*, 2012 WL 1565303 at *1-3.

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

[2] All Defendants join in opposition to Plaintiffs' Motion.

[3] Plaintiffs also alleged a claim for malicious abuse of process, which the Court dismissed due to Plaintiffs' failure to allege any facts demonstrating a plausible claim for relief. *Badillo*, 2012 WL 1565303 at *6.  Plaintiffs are not pursuing the claim for malicious abuse of process in their Proposed Amended Complaint. (Decl. Of Pls.' Counsel ¶ 19, May 16, 2012.)

In granting Defendants' Motion to Dismiss, this Court found that Plaintiffs failed to proffer sufficient facts to support the alleged absence of probable cause underlying the search and arrest warrants.  *Id.* at *5.  Based on the evidence included in the Affidavit of Application (hereinafter "Affidavit"), this Court found that Defendants had probable cause to believe that Plaintiff Gilbert was the person known as Tino who was found to be connected to Real Deal suspects.  *Id.* at *6.  In support of this conclusion this Court relied on the fact that (1) Defendants had no evidence to suggest that incriminating phone conversations made from a phone registered to Gilbert were not made by Gilbert himself; (2) the new cell phone number registered to Antinohel Centeno (hereinafter "Antinohel") was traced back to Gilbert's cell phone plan; (3) the Affidavit contained details about Gilbert's prior arrests for drug related offenses; and (4) Plaintiffs made no specific factual allegations of deliberate falsehoods or omissions in the Affidavit other than one misidentification.[4]  *Id.* at *5.

Furthermore, this Court also noted that "the force of Plaintiffs' allegations are not that the Affidavit contained

---

[4] Plaintiffs' identified one misidentification included in the Affidavit where Gilbert was mistaken as a six foot tall African American male seen exiting a car outside of Real Deal suspect Miguel Corea's house.  *Badillo*, 2012 WL 1565303 at *5.  The Court excised this misidentification from the Affidavit and found that the Affidavit was still supported by probable cause.  *Id.*

3

inaccuracies or omissions, but rather that Defendants should have been able to conclude from their investigation that Tino was Antinohel Centeno and not Gilbert Badillo." *Id.*

This Court also dismissed Plaintiffs' state law claims for intentional infliction of emotional distress, trespass, and loss of consortium. *Id.* at *6-7. This Court found that (1) with respect to intentional infliction of emotional distress, Plaintiffs presented no factual allegations that Defendants engaged in the requisite intentional, outrageous conduct; (2) with respect to trespass, the presence of a valid search warrant negates such a claim; and (3) in the absence of a viable claim by Gilbert, his wife's claim for loss of consortium must also fail. *Id.* at *7. Pursuant to this Court's Order and Opinion dated May 2, 2012, Plaintiffs now seek leave to file an Amended Complaint. (Decl. Of Pls.' Counsel ¶ 5.)

In their Proposed Amended Complaint, Plaintiffs allege specific falsehoods in the Affidavit, which they claim were material in establishing probable cause, including the allegations that: (1) Defendant Stopko recognized Gilbert's voice on the intercepted phone calls, even though he had no independent basis to make such an identification; (2) Gilbert drives the black Honda Accord which is registered to Antinohel's address; and (3) Gilbert was observed meeting with Real Deal suspects. (Proposed Am. Compl. ¶¶ 30, 46, May 16, 2012.)

In addition to these alleged falsehoods, Plaintiffs also

4

identify several omissions that they claim were material in establishing probable cause. These include: (1) the absence of direct surveillance of drug activity occurring at Plaintiffs' residence despite substantial observation of the premises; (2) the absence of direct surveillance of Gilbert engaged in illegal activity such as drug buys or delivery of paraphernalia; (3) the absence of evidence of Gilbert meeting with Real Deal suspects; (4) the absence of proof that the intercepted phone calls were made from Gilbert's home; and (5) failure to investigate whether Antinohel drove the black Honda Accord, or engaged in illegal activity at his own residence.[5]  (*Id.* ¶¶ 30, 37, 44.)

Finally, based on the testimony of a retired Major from the New Jersey State Police, Plaintiffs assert that Defendants' investigation was flawed and does not support a finding of probable cause because: (1) Defendants never positively identified Gilbert as Tino; (2) Defendants never confirmed that Gilbert ever used the cell phone used in the monitored conversations; (3) Defendants never used basic police investigation techniques, such as a pretext traffic stop, to ascertain whether Gilbert was in fact Tino; (4) Defendants never

---

[5] At the time of the events underlying this action, Plaintiffs resided at 118 Joline Avenue, Long Branch, New Jersey, and Antinohel resided at 384 Hendrickson Avenue, Long Branch, New Jersey. (Proposed Am. Compl. ¶¶ 1, 7.)  The black Honda Accord and the second cell phone number that was traced back to Gilbert's plan were both registered to the Hendrickson Avenue address.  (*Id.* ¶¶ 11, 14.)

5

cross checked Gilbert's criminal history for identifying characteristics; and (5) Defendants failed to submit and review surveillance and other reports to supervisors. (*Id.* ¶ 34.)

## II.

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend its pleading with the opposing party's consent or the court's leave. The rule provides a liberal standard for courts stating that "leave to amend shall be freely given when justice so requires." *Forman v. Davis*, 371 U.S. 178, 182 (1962)(citing Fed. R. Civ. P. 15(a)(2)). Within the Third Circuit, "a court must grant leave to amend before dismissing a claim that is merely deficient." *Boone v. Pa. Office of Vocational Rehab.*, 373 F. Supp. 2d 484, 490 (M.D. Pa. 2005). However, the grant or denial of leave is within the discretion of the District Court, and a court may deny leave to amend in the presence of "undue delay, bad faith, dilatory motive, prejudice, [or] futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)(internal citations omitted).

In many jurisdictions, "it is well recognized that futility is an appropriate ground for denying leave to amend a complaint." *Fishbein Family P'ship v. PPG Indus. Inc.*, 871 F. Supp. 764, 768 (D.N.J. 1994)(internal citation omitted). The standard for denying leave based on futility is whether the complaint as amended would survive a motion to dismiss. *See Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. As a result, when

assessing the futility of a proposed amendment, courts are to apply the same standard used to decide whether to grant a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 at 1426).

### III.

In Counts one through five of the Proposed Amended Complaint, Plaintiffs assert constitutional claims for unlawful search and seizure of both Plaintiffs' premises and Gilbert's person, as well as false arrest, false imprisonment, and malicious prosecution. To succeed on § 1983 claims where a search and arrest are made pursuant to a warrant, a plaintiff must show "(1) that the police officer knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant, and (2) that such statements or omissions are material, or necessary, to the finding of probable cause."[6] *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000)(internal

---

[6] Probable cause sufficient to support the issuance of a warrant exists where, based on the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

quotations and citation omitted).

In evaluating Plaintiffs' Proposed Amended Complaint, the Court must focus on whether Plaintiffs' allegations, if proven true, demonstrate that Defendants knowingly, deliberately or with reckless disregard for the truth made false statements or omissions in support of the search and arrest warrant at the center of this case.  Plaintiffs, however, seek to confuse this inquiry by focusing on whether Defendants' investigation should have led them to suspect that Antinohel was Tino.  The relevant inquiry here is whether there are allegations that Defendants knowingly, deliberately or with reckless disregard for the truth made false statements or omissions that call into question the finding of probable cause with respect to the search and arrest warrant for Gilbert.  With this in mind, the Court will examine the Affidavit which formed the basis for establishing Defendants' belief that Gilbert was Tino in light of the allegations in Plaintiffs' Proposed Amended Complaint.

First, the Affidavit relies on a phone call made on April 17, 2009 at 1:16 PM by Real Deal suspect Miguel Corea to a cell phone registered to Gilbert.[7]  (Defs.' Aff. Of Appl. ¶ 32, Aug. 27, 2009.)  In response to this call, at 1:29 PM a black Honda Accord arrived at Corea's residence for a meeting and two men exited the car, one of whom allegedly matched Gilbert's physical

---

[7] For a full transcript of the cited phone conversations *see* Defs.' Aff. Of Appl. ¶¶ 32-35.

description.[8]  (*Id.* ¶ 32C.)  The Affidavit alleges that the intercepted conversation and subsequent meeting established that Gilbert was picking up cocaine from Corea to store at his home. (*Id.* ¶ 32B.)

Second, the Affidavit points to a phone call placed by Corea on April 23, 2009 to the phone registered to Gilbert.  (*Id.* ¶ 33A.)  On this call, a man whose voice Defendants allegedly recognized as Gilbert's was recorded saying that "thirty-three came out."  (*Id.*)  According to the Affidavit, this phone call established that Gilbert was cutting and packaging cocaine at his residence, and was able to turn the most recent shipment into 33 ounces.  (*Id.* ¶¶ 33B-C.)

Third, the Affidavit relies on another phone call placed from Corea to the phone registered to Gilbert.  (*Id.* ¶ 34A.)  The Affidavit again alleges that Defendants were able to recognize the recipient's voice as Gilbert's.  (*Id.* ¶ 34B.)  Furthermore, the Affidavit alleges that Corea instructed Tino to come pick up "two big ones," which was allegedly referencing an amount of cocaine.  (*Id.* ¶¶ 34A-B.)

Fourth, the Affidavit points to two intercepted phone calls on June 2, 2009 between Corea and a phone number registered to Antinohel which was traced back to Gilbert's plan.  (*Id.* ¶¶ 35A-B.)  The first call was placed at 9:49 PM, instructing Tino to

---

[8] This is the misidentification that the Court excised in evaluating the Affidavit for probable cause.  *See supra* note 4.

meet Corea. (*Id.* ¶35B.) The second phone call was allegedly placed by Tino to Corea at 9:53 PM telling him that he was on his way. (*Id.* ¶ 35C.) The Affidavit alleges that these calls established the continued nature of both the relationship between Corea and Gilbert and the use of Gilbert's home as a stash house. (*Id.* ¶ 35D.)

Finally, in addition to the phone calls on which the Affidavit specifically relies, between June 20, 2009 and August 20, 2009 two hundred seventy five calls were placed between Corea and the phone registered to Gilbert. (*Id.* ¶ 36.)

In addition, Defendants' Affidavit also relies on physical surveillance. (*Id.* ¶ 37.) The Affidavit relies on Gilbert's arrest record which includes several drug related offenses, a photograph of Gilbert, and several physical identifiers. (*Id.* ¶ 51D.) According to the Affidavit, Defendants' surveillance established that Gilbert resides at 118 Joline Avenue and drives a 1997 Black Honda Accord registered to 384 Hendrickson Avenue, Long Branch, New Jersey. (*Id.* ¶ 37.) However, in their Amended Complaint, Plaintiffs contend that Gilbert never drove a 1997 black Honda Accord. (*Id.* ¶ 31.)

In their Proposed Amended Complaint, Plaintiffs allege that Gilbert did not drive the black Honda Accord, that his voice was never independently identified outside of the intercepted phone conversations, and that Gilbert was never observed meeting with Real Deal suspects. Plaintiffs further allege that the Affidavit

11

contained omissions concerning the absence of evidence regarding Gilbert's participation in illegal activity, Gilbert's meeting with Real Deal suspects, and illegal activity conducted at the Joline Avenue residence.

These alleged falsehoods and omissions are insufficient to plausibly support constitutional claims against the Defendants in this action.  At best, Plaintiffs' allegations may support a conclusion that Defendants were not thorough in their investigation, but there are no facts supporting an inference that Defendants knowingly, deliberately or with reckless disregard for the truth made false statements or omissions in support of the search and arrest warrant at the center of this case.  Furthermore, the alleged "omissions" identified by Plaintiffs in their proposed Amended Complaint are more properly characterized as omissions of the underlying investigation and not omissions of facts known by Defendants at the time they made their Affidavit in support of the warrant.  Allegations of mere negligence by the Defendants in the course of their investigation are insufficient to sustain Plaintiffs' constitutional claims.

As noted in the Court's Opinion dated May 2, 2012 and summarized *supra*, the Affidavit included incriminating phone conversations between a user of a cell phone registered to Gilbert and other Real Deal suspects.  There are no allegations that the voice speaking on the monitored cell phone calls, whether on the cell phone registered to Gilbert or on the second

12

cell phone traced back to Gilbert's plan, was not the same voice. Defendants had no way of knowing that Gilbert did not in fact use the cell phone registered under his name.  In addition to these phone calls, the Affidavit also included details about Gilbert's prior criminal history involving drug offenses.

Finally, there is not even a hint in Plaintiffs' proposed Amended Complaint that Defendants knowingly, deliberately or with reckless disregard for the truth made false statements or omissions that call into question the finding of probable cause with respect to the search and arrest warrant for Gilbert. Absent strong and clear allegations that Defendants deliberately included in the Affidavit false information or information about which they had serious doubts, this Court will not second guess Defendants' investigation of a large-scale drug conspiracy in which the operators intended to be clandestine.

**IV.**

For the reasons stated above, Plaintiffs' Motion to Amend will be denied.

Dated: June 19, 2012

                                          s/Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**